STRATEGIC TURNAROUND EQUITY
PARTNERS, L.P. (CAYMAN),

    Plaintiff,

v.

JOHN FIFE, UNITED AMERICAN
HEALTHCARE CORPORATION,
THOMAS GOSS, ST. GEORGE
INVESTMENTS, LLC., FIFE TRADING,
INC., ILIAD RESEARCH AND TRADING,
L.P., and ILIAD MANAGEMENT LLC.,

    Defendants.

                                        /

Case No. 10-cv-11305

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING UNITED AMERICAN
HEALTHCARE CORPORATION'S AND THOMAS GOSS'S MOTION
TO ADJOURN THE HEARING ON PLAINTIFF'S EMERGENCY MOTION
FOR PRELIMINARY INJUNCTION** (docket no. 10) **AND DENYING PLAINTIFF'S
MOTION FOR ORDER DIRECTING ANNUAL MEETING** (docket no. 9)

This matter involves a corporate dispute.[1] Plaintiff filed a complaint alleging federal and state law claims on March 31, 2010, and then filed an emergency motion for preliminary injunction[2] five days later on April 5, 2010. From the Court's reading of the

---

[1] Since this matter began, lawyers and their assistants representing the parties have called the Court's chambers on numerous occasions asking how and when the Court will decide various motions before it. The Court finds such behavior unusual and highly inappropriate. The parties are directed to stop calling the Court's chambers asking for information the Court's staff cannot possibly provide, and to respect the competency of the Court in managing its docket.

[2] The parties have since filed various motions and briefs, yet none have submitted the required courtesy copies. The undersigned's Courtesy Copy Policy, located in the online Practice Guidelines, requires that "[o]ne judge's courtesy copy of all filings that exceed twelve pages in length (including exhibits), and those filings that have any color documents that are relevant to the relief sought, must be submitted to the Judge on paper." The parties are advised to read, and become familiar with, the Guidelines before submitting any further filings.

motion, expedited consideration is requested because Defendant United American Healthcare Corporation's ("UAHC") annual meeting was scheduled for April 23, 2010 and injunctive relief is required to protect Plaintiff's rights in connection with that meeting. Accordingly, the Court scheduled a hearing on the motion for April 12, 2010 at 10:30 a.m. The Court requested that Plaintiff convey the hearing date to Defendants and request that responses be filed as soon as possible before the hearing.

On April 7, 2010, Defendants UAHC and Thomas Goss filed a motion to adjourn the hearing, stating that the annual meeting had been rescheduled to July 30, 2010, so there was no longer any emergency requiring expedited consideration of the preliminary injunction motion. Defendants state that with no emergency pending, the parties and the Court have more time to fully consider and develop the issues involved in the case. The Court thinks the request is sensible and will grant the motion.

Plaintiff opposes the request. Plaintiff states that the rescheduling of the annual meeting from April 23, 2010 to July 30, 2010 does not render moot the emergency nature of its motion. Plaintiff expressly relies on the assumption that the Court will grant Plaintiff's separately filed emergency motion for an order directing the holding of the annual meeting. In that motion, Plaintiff claims the attempt to reschedule the annual meeting is unlawful and requests that the Court direct the meeting to be held on April 23, 2010. For reasons stated below, the Court will deny Plaintiff's motion. Therefore, even by the logic expressed in Plaintiff's own briefing, *see* Pl. Resp. Br. at 2, without the impending annual meeting on April 23, 2010, there is no emergency necessitating expedited consideration of Plaintiff's motion for a preliminary injunction. The hearing on Plaintiff's motion for a preliminary injunction will be adjourned and the Court will convene a scheduling conference in the very near future to discuss with the parties an appropriate schedule for this matter.

As indicated above, in response to UAHC's rescheduling of an annual meeting, Plaintiff filed a motion for an order directing that UAHC hold its annual meeting on April 23, 2010, and decreeing that the shareholders present in person or by proxy and having voting power shall constitute a quorum for the election of the Board of Directors. In support of its request, Plaintiff relies on Mich. Comp. Laws § 450.1402 which allows a "circuit court of the county in which the principal place of business or registered office of the corporation is located" to "summarily order" a corporation's annual meeting in the event the corporation does not designate a date for the meeting within 15 months of the last annual meeting. Mich. Comp. Laws § 450.1402. Plaintiff admits, however, that the UAHC Board *did* designate the annual meeting date within the 15-month period. Pl. Br. at 2 & 3. It asserts, without authority, that it is entitled have *this* Court enforce the April 23, 2010 annual meeting date because the new July 30, 2010 date is well outside the 15-month period for designating the annual meeting. Plaintiff further asserts that it and other shareholders would suffer great harm if the meeting were not held on April 23, 2010, and that UAHC's long delay in allowing a shareholder vote on board member elections is "unconscionable." Pl. Br. at 4.

The Court finds that it lacks authority to direct that the annual meeting take place on April 23, 2010, or any date for that matter. Mich. Comp. Laws § 450.1402 permits a "*circuit court* of the county" to summarily order the meeting. The Michigan legislature's use of the word "circuit courts of the county ..." rather than "*any* court" indicates its intent that only a county circuit court can summarily order a Michigan corporation's annual meeting and that any other court -- federal courts included -- have no authority to order annual meetings. Plaintiff offers no argument to the contrary.

3

Even if the Court did have the power to order UAHC's annual meeting it would not be permitted to do so here because the conditions which must be satisfied before a court can intervene and order a meeting are not satisfied here. Section 450.1402 only permits a court to "summarily order the meeting" in the event no date for the annual meeting has been designated for 15 months after the corporation's last annual meeting. UAHC's last annual meeting was November 2008. As Plaintiff properly recognizes, the annual meeting was then initially designated on or about January 12, 2010, a date not later than 15 months after the last annual meeting. Pl. Br. at 2 & 3. Plaintiff has offered no legal authority supporting its contention that a court (even a Michigan circuit court) can summarily order an annual meeting originally designated within the 15-month period. Plaintiff's arguments about the Board's actions being unconscionable and unreasonable by resetting the meeting date do not persuade the Court that even a Michigan county circuit court has authority to summarily order an annual meeting when the meeting is originally designated within 15 months after the last annual meeting.

Additionally, assuming the Court had the authority and the meeting was not designated within 15 months after the last meeting, the Court would still not order that UAHC's annual meeting take place on April 23, 2010. The use of the word "may" in section 450.1402 indicates that the statute is permissive, and that a court has discretion in deciding whether or not to order a meeting. Postponement of UAHC's annual meeting was required in part due to SEC comments on the preliminary proxy statement, which necessitated amendment to the statement. Def. Resp. Br. at 3. The SEC has yet to clear the amended preliminary proxy statement, which would then allow the definitive proxy statement to be sent to shareholders. Accordingly, if the annual meeting were held on April 23, 2010, and UAHC solicited proxies without furnishing a definitive proxy statement to shareholders, it

4

would violate SEC rules. The Court will not require such a result. In sum, an annual meeting on April 23, 2010 appears unworkable and the Court will not order that it take place.

**WHEREFORE** it is hereby **ORDERED** that Defendants' motion to adjourn the hearing on Plaintiff's emergency motion for a preliminary injunction scheduled for April 12, 2010 (docket no. 10) is **GRANTED** and the hearing is **ADJOURNED.**

**IT IS FURTHER ORDERED** that Plaintiff's emergency motion for an order directing holding of UAHC's annual meeting on April 23, 2010 (docket no. 9) is **DENIED.**

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: April 9, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 9, 2010, by electronic and/or ordinary mail.

Alissa Greer
Case Manager
