UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| STRATEGIC TURNAROUND EQUITY PARTNERS, L.P. (CAYMAN), | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2:10-cv-11305-SJM-MJH |
| JOHN FIFE, *et al.* | ) ) | |
| Defendants. | ) ) | |

---

### DEFENDANTS JOHN FIFE, ST. GEORGE INVESTMENTS, LLC, FIFE TRADING, INC., ILIAD RESEARCH AND TRADING, L.P., AND ILIAD MANAGEMENT, LLC'S MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendants John Fife, St. George Investments, LLC, Fife Trading, Inc., Iliad Research and Trading, L.P. and Iliad Management, LLC (hereinafter collective referred to as "Fife Affiliated Defendants") move this Court to dismiss all claims against them in the Supplemental Amended Complaint that are alleged by plaintiff Strategic Turnaround Equity Partners, L.P. (Cayman)("hereinafter "Plaintiff").  Plaintiff's claims against Defendants fail to state claims upon which relief can be granted under the applicable law and the facts alleged by Plaintiff.[1]

WHEREFORE, the Fife Affiliated Defendants respectfully request that the Court grant this Motion and such other and further relief as is justified under the circumstances.

---

[1]  Pursuant to L.R. 7.1, counsel for the Fife Affiliated Defendants certifies that there was a conference between attorneys entitled to be heard on the motion in which the movant explained the nature of the motion and its legal basis and requested but did not obtain concurrence in the relief sought.

1

Respectfully submitted,

LATHROP & GAGE, LLP


By: s/Patrick L. Kenney
       Patrick L. Kenney   MO Bar # 50205
       LATHROP & GAGE LLP
       2345 Grand Boulevard, Suite 2200
       Kansas City, Missouri 64108-2684
       (816) 292-2000 – Telephone
       (816) 292-2001 – Facsimile
       E-Mail:  pkenney@lathropgage.com

       Josh J. Moss (P64406)
       Barris, Sott, Denn & Driker, P.L.L.C.
       211 W. Fort Street, 15th Floor
       Detroit, Michigan 48226-3281
       (313) 965-9725
       E-Mail: jmoss@bsdd.com

       ATTORNEYS FOR DEFENDANTS
       JOHN FIFE, ST. GEORGE INVESTMENTS,
       LLC, FIFE TRADING, INC., ILIAD
       RESEARCH AND TRADING, L.P., AND
       ILIAD MANAGEMENT, LLC

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| STRATEGIC TURNAROUND EQUITY PARTNERS, L.P. (CAYMAN), | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2:10-cv-11305-SJM-MJH |
| JOHN FIFE, *et al.* | ) ) | Hon. Stephen J. Murphy, III |
| Defendants. | ) ) | |

DEFENDANTS JOHN FIFE, ST. GEORGE INVESTMENTS, LLC, FIFE
TRADING, INC., ILIAD RESEARCH AND TRADING, L.P., AND ILIAD
MANAGEMENT, LLC'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS

## <u>TABLE OF CONTENTS</u>

CONCISE STATEMENT OF ISSUES ................................................................ ii

MOST APPROPRIATE AUTHORITY ........................................................... iii

I.      LEGAL STANDARDS. ..........................................................................2

II.     THE FIRST, SIXTH AND SEVENTH CLAIMS FOR RELIEF ARE
        IMPROPERLY ALLEGED AGAINST THE FIFE AFFILIATED
        DEFENDANTS. ......................................................................................2

III.    PLAINTIFF FAILED TO COMPLY WITH THE REQUIREMENTS
        FOR BRINGING ITS DERIVATIVE CLAIMS AGAINST THE FIFE
        AFFILIATED DEFENDANTS. ...............................................................5

        A.      Michigan Law Controls Regarding the Requirements for Bringing
                Derivative Claims. ......................................................................... 5

        B.      The Second through Fifth Claims for Relief are Derivative Claims. ......... 6

        C.      Plaintiff Failed to Comply with the Derivative Action Rules.................... 9

IV.     PLAINTIFF'S THIRD THROUGH FIFTH CLAIMS FOR RELIEF
        SHOULD BE DISMISSED EVEN IF THE DERIVATIVE ACTION
        REQUIREMENTS ARE NOT AN ISSUE. ..........................................10

V.      CONCLUSION.....................................................................................11

CERTIFICATE OF SERVICE ........................................................................12

## CONCISE STATEMENT OF ISSUES

1.      Should Plaintiff's First, Sixth and Seventh Claims for Relief be dismissed as to the Fife Affiliated Defendants because those claims, as a matter of law, do not pertain to the Fife Affiliated Defendants?

        Fife Affiliated Defendants Answer:  Yes

2.      Should Plaintiff's Second through Fifth Claims for Relief be dismissed as to the Fife Affiliated Defendants because Plaintiff has failed to comply with the requirements for bringing a derivative action under Michigan law and Fed. R. Civ. P. 23.1?

        Fife Affiliated Defendants Answer:  Yes

3.      Should Plaintiff's Third through Fifth Claims for Relief be dismissed as to the Fife Affiliated Defendants because Plaintiff has an adequate remedy at law?

        Fife Affiliated Defendants Answer:  Yes

CC 2261185v1

## MOST APPROPRIATE AUTHORITY

M.C.L.A. 450.1493a .

Fed. R. Civ. P. 23.1

*Kamen v. Kemper Financial Services, Inc.*,  500 U.S. 90, 108; 111 S.Ct. 1711, 1722-23

     (1991).

*Fritz v. Charter Tp. Of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010)

*Gavriles v. Verizon Wireless*, 194 F. Supp.2d 674, 683 (E.D. Mich. 2002)

*In re Consumers Power Co. Derivative Litigation*, 111 F.R.D. 419, 428 (E.D. Mich.

     1986)

*Smith v. Gilbert*, ___ N.W.2d ___, 2001 WL 1699794, *1 (Mich. Ct. App. 2001)

*Kramer v. Western Pacific Industries, Inc.*, 546 A.2d 348, 351 (Del. Supr. 1998)

*Kelley v. Thompson-McCuly Co., LLC*, ___ N.W.2d ___, 2004 WL 1676760, *3 (Mich.

     Ct. App. 2004)

CC 2261185v1

Plaintiff Strategic Turnaround Equity Partners, L.P. (Cayman) (hereinafter "Plaintiff") has failed to allege claims upon which this Court can grant relief against defendants John Fife, St. George Investments, LLC, Fife Trading, Inc., Iliad Research and Trading, L.P. and Iliad Management, LLC (hereinafter collective referred to as "Fife Affiliated Defendants").  With respect to the First, Sixth and Seventh Claims for Relief in the Supplemental Amended Complaint ("Complaint"), Plaintiff has simply lumped Fife Affiliated Defendants in claims against defendant United American Healthcare Corporation ("UAHC" or the "Company") and its management when it is apparent from Plaintiff's own allegations and well settled law Fife Affiliated Defendants are not proper parties to those claims.  With respect to the remaining Claims for Relief against Fife Affiliated Defendants (*i.e.* the Second, Third, Fourth, and Fifth Claims for Relief) it is clear that the claims are derivative in nature.  As derivative claims, Plaintiff was obligated to comply with the rules for bringing a derivative action and it failed to do so. Moreover, even if Plaintiff had complied with the derivative action requirements, there is an adequate remedy at law warranting dismissal of Plaintiff's injunctive relief claims (*i.e.* Third through Fifth Claims for Relief).    Accordingly, pursuant to Fed. R. Civ. P. 12(b)(6) and 23.1, the Court should dismiss the Complaint in its entirety as to Fife Affiliated Defendants.

By way of background, Plaintiff is controlled by Bruce Galloway, who sits on the Board of UAHC and who has been trying to take over UAHC for the past two years. The gravamen of Plaintiff's dispute is over a Voting and Standstill Agreement entered into on March 19, 2010, that was approved by UAHC's Board by a vote of 6 to 1, with Mr. Galloway as the lone dissent. Plaintiff and Mr. Galloway bring this action as part of their

1

continuing strategy to use aggressive tactics to disrupt and intimidate UAHC's incumbent management and Board from running the business in the best interests of UAHC's shareholders.

## I.   LEGAL STANDARDS.

Federal Rule of Civil Procedure 12(b)(6) provides that the Court may dismiss claims if those claims fail to state claims upon which relief can be granted. *Id.* Rule 12(b)(6) motions serve a number of important purposes in the litigation process, in particular they "enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007). In evaluating the pleading sufficiency of a complaint, the "factual allegations in the complaint need to be sufficient to give notice to defendant as to what claims are alleged, and plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Tp. Of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010)(quoting *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009)). "However, a legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss. . . ." *Id.* (Internal citations omitted).

## II.   THE FIRST, SIXTH AND SEVENTH CLAIMS FOR RELIEF ARE IMPROPERLY ALLEGED AGAINST THE FIFE AFFILIATED DEFENDANTS.

Plaintiff's Complaint and the applicable law make it clear that the Fife Affiliated Defendants are not proper parties to the claims asserted in the First, Sixth or Seventh Claims for Relief from the Complaint. The Fife Affiliated Defendants are not a proper party to the First Claim for Relief. First, Plaintiff's allegations regarding the proxy materials from the Company are addressed in the contemporaneous briefing filed by

2

UAHC, which the Fife Affiliated Defendants join in its entirety and, therefore, will not be addressed specifically in this pleading.[1]  That said, it is evident that proxy materials were either correct or have been appropriately supplemented.

Moreover, it is clear that the Fife Affiliated Defendants are not a proper party to Plaintiff's First Claim for Relief.  The gravamen of Plaintiff's First Claim for Relief is that there were purported false statements in the preliminary proxy materials submitted by the Company in advance of its annual shareholder's meeting.  Complaint at 16, ¶ 47 (Doc. 8).  Specifically, paragraphs 32 -40 state Plaintiff's contentions as to the alleged false statements in the proxy materials.  *Id.* (Expressly incorporating these paragraphs as the "false statements" that are allegedly in violation of "Section 14(a) of the Exchange Act").  Plaintiff admits, however, that each of the alleged false statements were in the March 22, 2010 proxy materials filed by defendant UAHC, not the Fife Affiliated Defendants.  *Id.* at 12, ¶ 32.  Paragraphs 32 – 40 each refer to the "UAHC Proxy", a defined term from the Complaint that refers only to proxy materials submitted by the Company, not any of the Fife Affiliated Defendants.  The Fife Affiliated Defendants are not a proper party to the First Count for Relief because they are not alleged to have made any of the purported false statements.  Because the proxy materials are not within the Fife Affiliated Defendants' control, any of the injunctive relief sought by Plaintiff would be only proper as to UAHC.

Plaintiff's own allegations make it clear that the Fife Affiliated Defendants are not proper parties to the Sixth Claim for Relief, even though they are not excluded from it in

---

[1]  In order to avoid burdening the court with duplicative briefing, the Fife Affiliated Defendants have attempted to avoid repeating the arguments made by UAHC and Goss.  Accordingly, Defendants adopt by reference and incorporation the arguments, authorities, and evidence submitted by UAHC and Goss, in particular with respect to their analysis of the Amended Proxy Materials and why those materials require dismissal of Plaintiff's First Claim for Relief.

3

the Complaint.  The Sixth Claim for Relief asserts a common law breach of fiduciary

duty claim.  Complaint at 27 (Doc. 8).  Paragraphs 103 and 104 of the Complaint both

refer expressly to defendant Goss allegedly having and breaching a fiduciary duty to

UAHC's shareholders.  *Id.*  No claim is made that the Fife Affiliated Defendants had or

breached any duty to UAHC's shareholders.  *Id.*  Paragraph 105 refers to actions of

UAHC's Board of Directors, but again none of the Fife Affiliated Defendants are

identified as having any fiduciary duty or having breached any such duty.  *Id*. at 27-9.

Even the relief sought by Plaintiff is solely directed at defendants Goss and UAHC, not

any of the Fife Affiliated Defendants.  Complaint at 28, ¶ 106 (Doc. 8)(alleging that

"Plaintiff STEP will suffer irreparable harm unless defendants Goss and UAHC are . . .

enjoined. . . .")  It is apparent that Plaintiff has not stated a breach of fiduciary duty claim

against the Fife Affiliated Defendants.  Plaintiff should have pled its Complaint in such a

manner as to exclude the Fife Affiliated Defendants from the Sixth Claim for Relief.

Accordingly, the Court should now dismiss the Sixth Claim for Relief for failing to state

a claim upon which relief can be granted as it pertains to the Fife Affiliated Defendants.

        The Seventh Claim for Relief in the Complaint should suffer a similar fate as the

Sixth Claim for Relief because it to is directed at parties that do not include the Fife

Affiliated Defendants.  The Seventh Claim for Relief pertains to the timing of the annual

meeting of shareholders for UAHC.  Defendant Goss and UAHC, not the Fife Affiliated

Defendants, are the targets of Plaintiff's allegations in this claim.  Complaint at 28, ¶¶

109 and 113.  Plaintiff makes no specific allegations against the Fife Affiliated

Defendants and the relief sought by Plaintiff is clearly outside the control of the Fife

Affiliated Defendants who do not have the authority to set the date and time for UAHC's

CC 2261185v1

annual shareholders meeting.  *Id.* at 28, ¶ 112 (asking the Court to "direct the Company" to act with respect to deadlines for the annual shareholder's meeting).  Plaintiff should have better crafted its Complaint to exclude the Fife Affiliated Defendants from this Claim for Relief.  Accordingly, the Court should now dismiss the Seventh Claim for Relief as it pertains to the Fife Affiliated Defendants for failing to state a claim upon which relief can be granted.[2]

III.   **PLAINTIFF FAILED TO COMPLY WITH THE REQUIREMENTS FOR BRINGING ITS DERIVATIVE CLAIMS AGAINST THE FIFE AFFILIATED DEFENDANTS.**

The remaining Claims for Relief alleged against the Fife Affiliated Defendants in the Complaint must be dismissed for failing to comply with the requirements for bringing a derivative action.  Under the applicable law, it is clear that the Second through Fifth Claims for Relief in the Complaint are derivative claims.  The injuries complained of are injuries to the Company and its shareholders as a whole, not to the Plaintiff specifically.  As such, Plaintiff was required to fulfill certain pre-suit obligations that Plaintiff has failed to allege it completed.  Accordingly, Plaintiff's claims cannot proceed at this time and must be dismissed by the Court.

A.   **Michigan Law Controls Regarding the Requirements for Bringing Derivative Claims.**

It is well settled that this Court should look to the law of the state of incorporation of UAHC for the requirements for bringing a derivative action, *i.e.* Michigan law.  In *Kamen v. Kemper Financial Services, Inc.*, the United States Supreme Court established that the demand requirements for bringing a derivative action "clearly regulates the

---

[2]  Plaintiff's Seventh Claim for Relief should be dismissed because it is now moot.  The Court's April 9, 2010 Opinion and Order (Doc. 26) denied Plaintiff's motion that requested the Court to require the annual meeting occur on April 23, 2010.

5

allocation of corporate governing powers between the directors and individual shareholders." 500 U.S. 90, 108; 111 S.Ct. 1711, 1722-23 (1991). As such, the Court held that the requirements established by the state of incorporation for the company must be applied by a federal court hearing a derivative action. 500 U.S. at 109; 111 S.Ct. at 1723.

Michigan law is express as to the requirements for asserting derivative claims. "A shareholder may not commence a derivative proceeding until all of the following have occurred: (a) A written demand has been made upon the corporation to take suitable action. (b) Ninety days have expired from the date the demand was made unless the shareholder has earlier been notified that the demand has been rejected by the corporation or unless irreparable injury to the corporation would result by waiting for the expiration of the 90-day period." M.C.L.A. 450.1493a (West 2010).

Though it is true that this Court will look to Michigan for the substantive law, there is also an overlay of federal procedural law that Plaintiff must comply with in order to bring a derivative action. Federal Rule of Civil Procedure 23.1 establishes both prerequisites for a derivative suit and pleading requirements for a derivative suit. *Id*. Of particular note for purposes of the present Motion is the pleading requirements of Rule 23.1(b)(3). Rule 23.1(b)(3) requires that a derivative plaintiff "state with particularity: (A) any effort by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from shareholders or members; and (B) the reasons for not obtaining the action or not making the effort." *Id*.

### B.      The Second through Fifth Claims for Relief are Derivative Claims.

Plaintiff cannot avoid the derivative nature of its Second through Fifth Claims for Relief asserted against the Fife Affiliated Defendants. Under Michigan law, the

6

"'distinction between derivative and individual actions rests upon the party being directly injured by the alleged wrongdoing." *Smith v. Gilbert*, ___ N.W.2d ___, 2001 WL 1699794, *1 (Mich. Ct. App. 2001)(quoting *Kramer v. Western Pacific Industries, Inc.*, 546 A.2d 348, 351 (Del. Supr. 1998). A claim is derivative when the alleged harm is to the corporation or its shareholders as a whole and the claim is direct when "a shareholder [is] suing for an injury separate and distinct from injury suffered by other shareholders, or a wrong arising from a contractual right of a shareholder that is independent of any right of the corporation." *Id.* Under Michigan law, if a plaintiff asserts claims individually without showing a "direct injury" to plaintiff, then the plaintiff is not the "real party in interest" and the case must be dismissed unless the derivative action requirements are met. *Kelley v. Thompson-McCuly Co., LLC*, ___ N.W.2d ___, 2004 WL 1676760, *3 (Mich. Ct. App. 2004)(affirming dismissal of derivative claims brought directly by a plaintiff without complying with Michigan's derivative action requirements). Plaintiff's Second through Fifth Claims for Relief are derivative not direct claims.

Plaintiff's Second Claim for Relief is derivative in nature. The claim alleges breach of Article XIX of the Restated Articles of Incorporation for UAHC. The nature of the alleged violation is that certain of the Fife Affiliated Defendants' shares in the company will be allowed to vote for directors at the annual meeting, though Plaintiff claims these shares should be barred from voting. The eligible shares to vote is not an issue unique to Plaintiff, it is an issue for the Company and its shareholders as a whole. Plaintiff's Complaint fails to identify any specific injury it will suffer distinct from any other shareholder arising from this purported violation of the Restated Articles of

Incorporation for UAHC.  Complaint at 17-20, ¶¶ 50- 65 (Doc. 8).  Accordingly, the Second Claim for Relief is derivative in nature.

Plaintiff's Third Claim for Relief is derivative in nature.  The claim alleges breach of Article XV of the Restated Articles of Incorporation for UAHC.  Plaintiff claims alleged violations of what Plaintiff describes as "extensive prohibitions on greenmail transactions" contained in the Restated Articles of Incorporation for UAHC.  Complaint at 20-1, ¶ 67 (Doc. 8).  Assuming, *arguendo*, that the Restated Articles of Incorporation for UAHC do limit the transactions that occurred between the Company and the Fife Affiliated Defendants, those provisions of the Articles are clearly for the benefit of the Company and the shareholders as a whole.  Plaintiff's Complaint fails to identify any specific injury it will suffer distinct of any other shareholder arising from this purported violation of the Restated Articles of Incorporation for UAHC.  Complaint at 20-23, ¶¶ 66- 78 (Doc. 8).  Accordingly, the Third Claim for Relief is derivative in nature.

Plaintiff's Fourth Claim for Relief is derivative in nature.  The claim alleges a purported violation of Michigan Business Corporation Act § 450.1780.  The nature of Plaintiff's claim is stated by Plaintiff as the "put, call and Preferred Call each involve the issuance of UAHC's equity securities with an aggregate market of 5% or more of the total market value of UAHC's shares, without any approval of UAHC's shareholders under Section 450.1780. . . ."  Complaint at 26, ¶ 90 (Doc. 8).  Plaintiff admits that the alleged right to vote is that of the shareholders as a whole and that Plaintiff has no injury it will suffer distinct of any other shareholder arising from this purported violation. Accordingly, the Fourth Claim for Relief is derivative in nature.

8

Plaintiff's Fifth Claim for Relief is derivative in nature.  The claim alleges a purported violation of Article XIX of the Restated Articles of Incorporation for UAHC.  This Article purports to incorporate by reference the Michigan Business Corporation Act and Plaintiff, therefore, contends that the conduct described in the Fourth Claim for Relief would also violate of this Article.  Complaint at 26-27, ¶¶ 95-101 (Doc. 8).  For the reasons described above, the Fifth Claim for Relief is derivative in nature.

### C.       Plaintiff Failed to Comply with the Derivative Action Rules.

The Court should dismiss Plaintiff's Second through Fifth Claims for Relief because Plaintiff failed to comply with either the substantive or procedural requirements for asserting derivative claims against the Fife Affiliated Defendants.  Plaintiff has not complied with the requirements of  Michigan substantive law for bringing a derivative action.  Plaintiff's Complaint does not allege that Plaintiff made a written demand on the corporation to take "suitable action."  Complaint (*passim*)(Doc. 8).  Plaintiff does not allege it waited ninety (90) days from the date of any demand before filing suit.  *Id*.  Plaintiff does not allege that the Company has notified Plaintiff that any demand has been rejected.  *Id*.  Plaintiff does not even attempt to argue why waiting for the 90-day period would result in "irreparable injury," though Plaintiff makes general boilerplate allegations of "irreparable harm" throughout the Complaint in an effort to justify injunctive relief.  *Id*.  In sum, none of the requirements of M.C.L.A. 450.1493a (West 2010) have been met by Plaintiff and, therefore, the Complaint must be dismissed.

Similarly, the requirements of Fed. R. Civ. P. 23.1(b)(3) have been also ignored by Plaintiff.  Plaintiff has not stated with particularity any efforts Plaintiff made to obtain the desired action from UAHC's directors and, if necessary, UAHC's shareholders.  Complaint (*passim*)(Doc. 8).  Plaintiff has not stated with particularity the reasons for not

9

obtaining action from the directors and shareholders or why Plaintiff did not make an

effort to do so.  *Id.*  Plaintiff's complete failure to comply with any of the requirements of

Fed. R. Civ. P. 23.1 warrants dismissal of the Complaint.  *In re Consumers Power Co.*

*Derivative Litigation*, 111 F.R.D. 419, 428 (E.D. Mich. 1986)(dismissing a complaint for

failure to make allegations to show compliance with derivative action requirements of

Fed. R. Civ. P. 23.1).

## IV. PLAINTIFF'S THIRD THROUGH FIFTH CLAIMS FOR RELIEF SHOULD BE DISMISSED EVEN IF THE DERIVATIVE ACTION REQUIREMENTS ARE NOT AN ISSUE.

Plaintiff's Third through Fifth Claims for Relief should be dismissed because

Plaintiff has an adequate remedy at law through money damages.  The law is clear "that

injunctive relief is only appropriate where an award of damages would be inadequate."

*Gavriles v. Verizon Wireless*, 194 F. Supp.2d 674, 683 (E.D. Mich. 2002)(citing 11A

Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure,*

§ 2948 ( injunctive relief will usually be denied if it appears that the applicant has an

adequate alternate remedy in the form of money damages or other relief)).

The purported injury in Plaintiff's Third Claim for Relief can be remedied by

money damages.  Plaintiff alleges injuries arising from the "put" and "call" agreements

between the Fife Affiliated Defendants and the Company.  Any alleged injury that any

shareholder may face relates solely to purchase or sale of Company stock at a price other

than "Market Price", as Plaintiff tacitly admits in the Complaint.  Complaint at 20-23, ¶¶

66-78 (Doc. 8).  Such differences between purchase and/or sale prices as compared to

"Market Price" are readily quantifiable and money damages, if appropriate and proven,

could easily cure any alleged harm.  The Fourth and Fifth claims for Relief, like the

Second Claim for Relief, also address issues of stock value that could be remedied

10

through money damages, if appropriate.  Complaint at 23-27 (Doc. 8).  Accordingly, the

Court should dismiss Plaintiff's Second through Fifth Claims for Relief against the Fife

Affiliated Defendants even if the derivative action requirements are not an issue.

## V.       CONCLUSION.

      For the forgoing reasons, the Fife Affiliated Defendants respectfully request that

the Court grant their Motion to Dismiss.

                        Respectfully submitted,


                      By: s/Patrick L. Kenney
                        Patrick L. Kenney MO Bar # 50205
                        LATHROP & GAGE LLP
                        2345 Grand Boulevard, Suite 2200
                        Kansas City, Missouri 64108-2684
                        (816) 292-2000 – Telephone
                        (816) 292-2001 – Facsimile
                        E-Mail:  pkenney@lathropgage.com

                        Josh J. Moss (P64406)
                        BARRIS, SOTT, DENN & DRIKER, P.L.L.C.
                        211 W. Fort Street, 15th Floor
                        Detroit, Michigan 48226-3281
                        (313) 965-9725
                        E-Mail: jmoss@bsdd.com

                        ATTORNEYS FOR DEFENDANTS
                        JOHN FIFE, ST. GEORGE INVESTMENTS,
                        LLC, FIFE TRADING, INC., ILIAD
                        RESEARCH AND TRADING, L.P., AND
                        ILIAD MANAGEMENT, LLC

CC 2261185v1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 28, 2010, I electronically filed Defendants John Fife, St. George Investments, LLC, Fife Trading, Inc., Iliad Research and Trading, L.P., and Iliad Management, LLC's Memorandum of Law in Support of Motion to Dismiss with the Clerk of the Court using the Court's ECF system.

LATHROP & GAGE, LLP


By: s/Patrick L. Kenney
    Patrick L. Kenney MO Bar # 50205
    LATHROP & GAGE LLP
    2345 Grand Boulevard, Suite 2200
    Kansas City, Missouri 64108-2684
    (816) 292-2000 – Telephone
    (816) 292-2001 – Facsimile
    E-Mail:  pkenney@lathropgage.com


    An Attorney for Defendants John Fife, St.
    George Investments, LLC, Fife Trading, Inc.,
    Iliad Research and Trading, L.P., and Iliad
    Management, LLC

12