UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STRATEGIC TURNAROUND EQUITY
PARTNERS, L.P. (CAYMAN),

    Plaintiff,

v.

JOHN FIFE, UNITED AMERICAN
HEALTHCARE CORPORATION,
THOMAS GOSS, ST. GEORGE
INVESTMENTS, LLC., FIFE TRADING,
INC., ILIAD RESEARCH AND TRADING,
L.P., and ILIAD MANAGEMENT LLC.,

    Defendants.
                                                /

Case No. 10-cv-11305

HONORABLE STEPHEN J. MURPHY, III

## ORDER DENYING AS MOOT DEFENDANT UNITED AMERICAN HEALTHCARE CORPORATION'S MOTION FOR RECONSIDERATION AND REQUEST FOR LEAVE TO VOLUNTARY DISMISS COUNTERCLAIM AND THIRD-PARTY COMPLAINT(docket no. 58)

On June 28, 2010, in an opinion and order resolving all claims in this case, the Court struck defendant United American Healthcare Corporation's ("UAHC") counterclaim and third-party complaint finding that the filings were made in bad faith given the last minute nature of the filings and the fact that UAHC sought relief that was impossible to grant given the time constraints imposed by UAHC's upcoming annual meeting. Specifically, the Court determined that the UAHC had "sandbagged [the plaintiff] and this Court by filing its pleading this late in the litigation and so close to UAHC's annual meeting." Opinion and Order, at 22.

UAHC now asks the Court to reconsider its ruling and to grant UAHC leave to voluntarily dismiss its pleadings without prejudice. UAHC asserts it did not act in bad faith because it did not file its pleadings at the last minute. It states that at the time it filed the

pleadings, the annual meeting had been postponed such that there was no need for the Court to immediately consider the newly raised claims before the annual meeting set for June 29, 2010. But, there was no way for the Court to know that UAHC had postponed its annual meeting at the time the Court was drafting the opinion and order resolving the then-pending dispositive motions.[1] At the motion hearing held on June 15, 2010, UAHC advised the Court that UAHC would not postpone its meeting any further than June 29, 2010. In fact, UAHC had moved up its meeting from its previously scheduled date of July 30, 2010 in order to comply with NASDAQ requirements and maintain its NASDAQ listing. The Court even inquired as to the possibility of postponing the meeting so it could have a better opportunity to consider the motions. UAHC advised that it would be very detrimental to UAHC if it lost its NASDAQ listing. The parties made it very clear that the annual meeting would go forward on June 29, 2010 and that the plaintiff's claims would be moot if the meeting went forward before the claims were adjudicated. The parties were clearly aware of the Court's recognition that it had to decide the pending motions before the meeting.

Nevertheless, UAHC decided to postpone its meeting so it could bring claims it could have brought earlier. UAHC concedes that the factual basis for some of its claims occurred even before the outset of the litigation, but justifies its delay on the fact that some of the more egregious conduct giving rise to its claims occurred later on. In the Court's view, if UAHC was serious about its claims, as opposed to bringing them simply as a disruptive tactic, it should have asserted the claims as soon as possible, especially in a case as

---

[1] UAHC states, and the docket verifies, that UAHC did file a notice on June 28, 2010, *the day before the annual meeting,* stating that the meeting had been postponed indefinitely. Docket no. 55. This notice was filed unreasonably late in the Court's view. There is no excuse for UAHC's failure to advise the Court of the rescheduling on June 25, 2010, as soon as it occurred.

contentious as this. The Court does not find that its order striking the pleadings was based on a "palpable defect" by which the Court was misled. *See* E.D. Mich. 7.1(g)(3). In addition, for the reasons stated below (mootness), correcting this defect would not result in a different disposition of the case. *See id.* The Court will not grant the motion for reconsideration and allow UAHC to voluntarily dismiss its pleadings.

The Court finds, however, that the Court need not grant UAHC's motion for UAHC to assert its claims in a new action. This is because, while the Court did strike the pleadings,[2] it did so without prejudice. Therefore, UAHC can reassert its claims in the future in a new action if it wishes, even without the Court granting it leave to voluntarily dismiss its late-filed pleadings. Therefore, the motion for reconsideration is properly considered moot. *See Wedgewood Ltd. P'ship I v. Twp. of Liberty*, 610 F.3d 340, 348 (6th Cir. 2010) ("The test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties.").

**WHEREFORE** it is hereby **ORDERED** that defendant UAHC's motion for reconsideration (docket no. 58) is **DENIED** as moot.

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 20, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 20, 2010, by electronic and/or ordinary mail.

Alissa Greer
Case Manager

---

[2] UAHC incorrectly states at various places in its brief that the Court "dismissed" UAHC's pleadings. The Court did not *dismiss* them; it struck them.